REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 08-**85** |
| ) | |
| STACEY BAISDEN, ) | |
| ) | |
| Defendant. ) | |

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNTS ONE TO FORTY-SIX

#### Introduction

1. At all times relevant to this Indictment, the defendant, Stacey Baisden, was employed by American Life Insurance Company ("ALICO") in Wilmington, Delaware. The defendant was a supervisor in the Cash Control Unit ("CCU") at ALICO, a unit responsible for processing bill payments for the company's vendors.

#### Scheme and Artifice to Defraud

2. Starting in or about 2002, the defendant, Stacey Baisden, did devise and intend to devise a scheme and artifice to defraud ALICO and to obtain money and property by means of false and fraudulent pretenses and representations.

3. As part of this scheme and artifice to defraud, between on or about April 2002 and on or about March 2006, the defendant fraudulently used ALICO's Web Access Voucher Entry System ("WAVES") to pay off the personal expenses of herself and her acquaintances.

4. It was further part of the scheme that, in nearly all instances, the defendant utilized the user

identification ("user ID") of another ALICO employee, C.Q., to prepare vouchers on the WAVES system that would be used to pay these personal expenses. The defendant falsely labeled the vouchers to make them appear as if they were meant to pay for routine corporate expenses. In order to further hide her fraudulent conduct, the defendant knowingly charged these vouchers to departments at the company that had significant expenditures each month, so that the large amount of fraudulent charges would be less noticable to others who might review the overall expenditures of those departments.

5. It was further part of the scheme that, after the defendant created these vouchers, she fraudulently manipulated the WAVES system to make it appear that other ALICO employees had approved these expenditures, when in fact they had not. In addition, in order to hide her conduct from the company, the defendant did not scan into the WAVES system any documentation regarding these transactions, in contravention of company policy.

6. It was further a part of the scheme that the defendant then caused company checks to be printed in the company's Wilmington office, in the amounts listed on the vouchers. The defendant then caused these checks to be sent to her various creditors.

7. It was a further part of the scheme that, in or around April 2002 through February 2006, the defendant caused checks to be generated and mailed to pay off personal expenses charged on the defendant's corporate Diner's Club credit card accounts (numbers XXXXXXXXXX8400 and XXXXXXXXXX8418) and corporate Citibank credit card accounts (numbers XXXXXXXXXXXX8525 and XXXXXXXXXXXX3503).

8. It was a further part of the scheme that, in or around March 2005 through February 2006, the defendant caused checks to be generated and mailed to pay off expenses charged on an American Express credit card account (number XXXXXXXXXXX1000) and a Citibank credit card account (number XXXXXXXXXXXX9776).

9. It was a further part of the scheme that, in or around May 2004 through January 2006, the defendant caused checks to be generated and mailed to pay off expenses on the defendant's Verizon phone account (number XXXXXXXXXXX5801Y).

10. It was a further part of the scheme that, in or around April 2004 through March 2006, the defendant caused checks to be generated and mailed to pay off expenses charged on the Citibank credit card accounts of R.B. (account numbers XXXXXXXXXXXX6047 and XXXXXXXXXXXX4763), the American Express credit card account of J.W.B. and M.P. (account number XXXXXXXXXXX1001) and the Verizon phone account of R.B. (number XXXXXXXXXXXX1725Y).

11. It was a further part of the scheme that, in or around March 2004 through March 2006, the defendant caused checks to be generated and mailed to pay off expenses on the Verizon phone account of T.Q. and C.Q. (number XXXXXXXXXXXX7661Y).

### Charging Paragraphs

12. On or about the dates set forth below, in the District of Delaware, having devised and intending to devise the scheme and artifice to defraud described in paragraphs 2 through 11 above, incorporated herein by reference, and for obtaining money and property by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice to defraud, the defendant, Stacey Baisden, did knowingly cause to be sent by mail the following checks, each in violation of Title 18, United States Code, Section 1341:

| Count | Payee | Check No. | Amount | Date |
| --- | --- | --- | --- | --- |
| One | Diner's Club | 90205628 | $1,000.00 | June 6, 2003 |
| Two | Diner's Club | 90205648 | $1,200.00 | August 15, 2003 |
| Three | Diner's Club | 90205777 | $1,879.00 | October 2, 2003 |
| Four | Diner's Club | 90205801 | $2,601.29 | November 20, 2003 |

| Five | Diner's Club | 90205813 | $3,130.29 | January 9, 2004 |
|---|---|---|---|---|
| Six | Diner's Club | 31567801 | $2,380.00 | March 31, 2004 |
| Seven | Diner's Club | 31581206 | $1,384.76 | April 30, 2004 |
| Eight | Diner's Club | 31603888 | $3,537.83 | June 24, 2004 |
| Nine | Diner's Club | 31623349 | $2,920.55 | August 13, 2004 |
| Ten | Diner's Club | 31638223 | $4,2_2.78 | September 21, 2004 |
| Eleven | Diner's Club | 31650497 | $3,179.00 | October 21, 2004 |
| Twelve | Diner's Club | 31656934 | $2,568.68 | November 5, 2004 |
| Thirteen | Diner's Club | 31666120 | $5,359.68 | November 30, 2004 |
| Fourteen | Diner's Club | 80073293 | $887.00 | February 4, 2005 |
| Fifteen | Citibank | 80073321 | $1,035.89 | June 3, 2005 |
| Sixteen | Citibank | 80073354 | $4,145.08 | September 7, 2005 |
| Seventeen | Citibank | 80073371 | $3,459.62 | November 3, 2005 |
| Eighteen | Citibank | 80073389 | $3,479.11 | December 8, 2005 |
| Nineteen | Citibank | 80073401 | $11,226.58 | January 9, 2006 |
| Twenty | Citibank | 00125707 | $6,114.07 | February 22, 2006 |
| Twenty-One | American Express | 80073299 | $5,354.67 | March 17, 2005 |
| Twenty-Two | American Express | 80073309 | $7,548.65 | April 13, 2005 |
| Twenty-Three | American Express | 80073311 | $4,526.55 | April 22, 2005 |
| Twenty-Four | American Express | 80073313 | $8,021.96 | May 4, 2005 |
| Twenty-Five | American Express | 80073319 | $9,587.69 | June 2, 2005 |
| Twenty-Six | American Express | 80073339 | $14,670.36 | July 22, 2005 |
| Twenty-Seven | American Express | 80073349 | $7,548.65 | August 17, 2005 |
| Twenty-Eight | American Express | 80073351 | $10,661.41 | August 25, 2005 |
| Twenty-Nine | American Express | 80073355 | $14,215.42 | September 7, 2005 |
| Thirty | American Express | 80073358 | $8,021.96 | September 20, 2005 |
| Thirty-One | American Express | 80073359 | $14,110.25 | September 29, 2005 |
| Thirty-Two | American Express | 80073372 | $5,850.12 | November 4, 2005 |

| Thirty-Three | American Express | 80073377 | $14,670.36 | November 14, 2005 |
| --- | --- | --- | --- | --- |
| Thirty-Four | American Express | 80073387 | $5,850.12 | November 29, 2005 |
| Thirty-Five | American Express | 80073390 | $7,548.65 | December 9, 2005 |
| Thirty-Six | American Express | 80073399 | $7,003.06 | December 21, 2005 |
| Thirty-Seven | American Express | 80073404 | $14,215.42 | January 18, 2006 |
| Thirty-Eight | American Express | 80073408 | $8,021.96 | January 23, 2006 |
| Thirty-Nine | American Express | 00121003 | $2,567.00 | February 4, 2005 |
| Forty | American Express | 00125708 | $18,000.00 | February 22, 2006 |
| Forty-One | Citibank | 80073388 | $4,574.06 | December 8, 2005 |
| Forty-Two | Citibank | 80073397 | $4,862.22 | December 21, 2005 |
| Forty-Three | Citibank | 80073402 | $4,628.14 | January 9, 2006 |
| Forty-Four | Citibank | 80073410 | $4,856.75 | January 23, 2006 |
| Forty-Five | Citibank | 00125855 | $4,635.40 | March 3, 2006 |
| Forty-Six | Citibank | 00125962 | $4,770.66 | March 15, 2006 |

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Christopher J. Burke
Assistant United States Attorney

Dated: May 27, 2008